Filed 2/9/21  P. v. Miles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LLOYD CHARLES MILES,<br><br>Defendant and Appellant. | C084412<br><br>(Super. Ct. Nos. 16FE020897,<br>15F07921) |

Appointed counsel for defendant Lloyd Charles Miles asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the two cases.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

**Case No. 15F07921**

On April 1, 2016, defendant pleaded no contest to stalking. (Pen. Code, § 646.9, subd. (b).)[1] The parties agreed to a factual basis in that defendant had repeatedly followed, harassed, and threatened the victim, the mother of his child, while a temporary restraining order was in effect.

The trial court imposed five years of probation and ordered defendant to serve 364 days in jail, with credit for 189 days (95 actual, 94 conduct). He was also ordered to have no contact with the victim.

**Case No. 16FE020897**

A year later, in a case involving the same victim, a jury found defendant guilty of violating a protective order. (§ 166, subd. (c)(1).) The jury deadlocked on two other counts, which were ultimately dismissed. The court also found defendant in violation of probation.

The conduct underlying that conviction occurred in the early morning of September 7, 2016. The victim heard a knock at her door. Seeing defendant, she let him in. They went to her bedroom upstairs and talked. When they got in an argument, the victim went downstairs.

Once downstairs they fought, and the victim testified she "probably" hit defendant, though he hit her first. At some point, she called 911. At trial, the victim testified defendant broke a window. The victim also testified she had been drinking, which affects her ability to recall aspects of the incident.

Later, an officer saw a two-inch knot over the victim's right eye and a scratch on her nose.

---

[1] Further undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

At sentencing, the trial court revoked probation in case No. 15F07921 and imposed the three-year upper term on the underlying conviction for stalking. As to the conviction for violating a protective order, in case No. 16FE020897, it imposed two years of probation and ordered defendant to serve a consecutive 180-day jail term. The trial court awarded a total of 624 days of custody credit and imposed various fines and fees.

## DISCUSSION

Counsel filed an opening brief setting forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant

## DISPOSITION

The judgment is affirmed.

                                   /s/
                              MURRAY, J.

We concur:

   /s/
ROBIE, Acting P. J.

   /s/
MAURO, J.

3